*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOANNE F. FLYNN,

      Plaintiff/Counterdefendant-
Appellant,

UNPUBLISHED
April 9, 2019

v

THOMAS R. FLYNN,

      Defendant/Counterplaintiff-
Appellee.

No. 342553
Shiawassee Circuit Court
LC No. 2016-008347-CH

Before: SWARTZLE, P.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

In this action for partition of real property, plaintiff/counterdefendant appeals as of right the trial court's judgment granting an equitable partition of 100% to defendant/counterplaintiff. We affirm.

This case arises from a property dispute between family members who were cotenants of real property. To save the family farm from foreclosure, defendant offered to purchase the property from his parents, but he was unable to do so without a cosigner. Defendant's brother, William Flynn, was married to plaintiff. Defendant's brother and plaintiff cosigned the loan and the property was deeded to plaintiff and William, as husband and wife, and defendant, as tenants in common. It is undisputed that defendant alone paid 100% of the mortgage loan, 100% of the property taxes, and 100% of the property insurance, and that he claimed all of the income from the family farm on his tax returns. Defendant also performed the maintenance on the family farm and paid for any supplies, equipment, and outside repairs. Plaintiff acknowledged that she never did any work on or put any money into the family farm. In 2016, following William's death, plaintiff and defendant filed competing claims seeking partition of the property. Following a two-day trial, the trial court concluded that a constructive trust was created by the parties' loan transaction and that defendant was solely entitled to 100% interest in the family farm.

An action to partition land is equitable in nature. MCL 600.3301. This Court reviews equitable actions de novo and reviews the trial court's findings of fact for clear error. *In re Temple Marital Trust*, 278 Mich App 122, 142; 748 NW2d 265 (2008). "In an equitable action, a trial court looks at the entire matter and grants or denies relief as dictated by good conscience." *In re Moukalled Estate*, 269 Mich App 708, 719; 714 NW2d 400 (2006). "Broadly speaking the sound discretion of the court is the controlling guide of judicial action in every phase of a suit in equity." *Temple*, 278 Mich App at 142 (cleaned up).

On appeal, plaintiff argues that a constructive trust may not be imposed upon parties who did not contribute to the reasons for imposing a constructive trust, and that the circumstances around plaintiff's acquisition of her one-half interest in the family farm do not necessitate the creation of a constructive trust because there was no unjust enrichment as evidenced by fraud, misrepresentation, concealment, undue influence, or other similar circumstances. Plaintiff further argues that the trial court erred when it declined to award her any interest in the family farm. We disagree and affirm for the reasons stated by the trial court in its well-reasoned bench opinion.

Defendant, having prevailed in full, may tax costs under MCR 7.219(F).

Affirmed.

/s/ Brock A. Swartzle
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron